**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
OXFORD DIVISION**

**CASEY HELTON**                                                                      **PLAINTIFF**

**v.**                                                                      **CIVIL ACTION NO.:**  3:25-cv-349-MPM-RP

**SMX, LLC; AND
PARKER-HANNIFIN CORPORATION**                                **DEFENDANTS**

**COMPLAINT
JURY TRIAL DEMANDED**

**COMES NOW** the Plaintiff, Casey Helton, by and through her counsel, The Watson Law Firm, PLLC, brings this action to recover damages for violations of her rights pursuant to Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e *et seq*., as amended, for sex discrimination, sexual harassment, a sexually hostile work environment and retaliation against the Defendants, SMX, LLC, and Parker-Hannifin Corporation.  In support of this cause, the Plaintiff would show unto the Court the following facts to-wit:

**THE PARTIES**

1.      Plaintiff, Casey Helton, is a female resident of Marshall County, Mississippi.

2.      Defendant, SMX, LLC, was a joint employer of Plaintiff and may be served with process by serving its registered agent, Corporation Service Company, 109 Executive Drive, Suite 3, Madison, Mississippi 39110.

3.      Defendant, Parker-Hannifin Corporation, was a joint employer of Plaintiff and may be served with process by serving its registered agent, CT Corporation System, 8927 Lorraine Road, Suite 204-A, Gulfport, MS 39503.

**JURISDICTION AND VENUE**

4.      This Court has federal question jurisdiction pursuant to Title VII of the Civil

1

Rights Act of 1964.

5. This Court has subject matter jurisdiction, and venue is proper in this Court.

6. Plaintiff filed a Charge of Discrimination against SMX, LLC, with the EEOC on December 4, 2024, a true and correct copy of which is attached as Exhibit "A." The EEOC issued a Notice of Right to Sue on September 10, 2025, a true and correct copy of which is attached as Exhibit "B." Plaintiff filed a Charge of Discrimination against Parker-Hannifin Corporation, with the EEOC on December 4, 2024, a true and correct copy of which is attached as Exhibit "C." The EEOC issued a Notice of Right to Sue on September 10, 2025, a true and correct copy of which is attached as Exhibit "D." Plaintiff timely files this action within ninety (90) days of receipt of her Notice of Right to Sue.

## STATEMENT OF FACTS

7. Plaintiff is a 37-year-old female resident of Marshall County, Mississippi.

8. Plaintiff was hired on August 1, 2023, by SMX, LLC (SMX) and assigned to work as a Production Control Specialist at the Chelsea Products Division of the Parker-Hannifin Corporation (PHC) in Olive Branch, Mississippi.

9. SMX and PHC were joint employers.

10. Beginning around mid to late August 2023, Plant Manager Larry Joe began sexually harassing Plaintiff.

11. Specifically, at times he poked Plaintiff in the buttocks, he grabbed her thighs, and he repeatedly asked her to go out with him.

12. He made comments that Plaintiff was "starting to get thick", he texted her and referred to her as "My baby" and "Chic" and would write "Touch me".

13. Plaintiff consistently made it clear to Mr. Joe that she was not interested in

his sexual advances.

14. During or around September 2023, Plaintiff reported the sexually harassing words and actions of Mr. Joe to On-Site Supervisor Ari Bryant.

15. Despite this reporting, nothing was done to address the situation.

16. On or around November 8, 2023, in a text interaction between Plaintiff and Mr. Joe, Plaintiff was suggesting a female friend of hers (i.e., Ashton) was interested in being considered for employment by Mr. Joe and would join a group of them for a night out bowling.

17. In response to this, Mr. Joe texted, "Tell her swallows me up in between my bowling strikes, I'll give her Cierra's spot." (i.e., the implication being if Aston would perform oral sex on him then he would give her a job)

18. Around December 2023, Inventory Control Specialist Tabitha Walls reported to PHC Human Resources Representative Natalie Dalton that Mr. Joe was sexually harassing her (Ms. Walls) as well.

19. When she (Ms. Walls) reported this, she also reported that Mr. Joe had been sexually harassing Plaintiff.

20. To Plaintiff's knowledge, still nothing was done to address Mr. Joe's sexually harassing actions.

21. During April 2024, Plaintiff again reported to Ms. Bryant how she continued to be sexually harassed by Mr. Joe.

22. During August 2024, when Plaintiff was about to be hired by PHC, PHC Human Resources Representative Angela Mims informed Plaintiff that when her background check came back, there was a warrant for contempt of court in 2020 in

Collierville, Tennessee.

23. Plaintiff was not even aware of it until it appeared on the background check.

24. Apparently, it was mistakenly issued during the time that the courthouse was closed due to COVID.

26. On August 22, 2024, Plaintiff went to the Collierville courthouse and was able to get the warrant cleared.

27. Plaintiff provided Ms. Mims with documentation confirming the warrant was cleared.

28. On or around September 3, 2024, Manager Calvin McGowan called Plaintiff and Inventory Control Specialist Cierra Smith into the conference room (i.e., Mr. Joe had always instructed Plaintiff, Ms. Smith, and Ms. Wall to work closely with him).

29. Mr. McGowan then angrily stated that Plaintiff and Ms. Smith needed to learn to get along with Mr. Joe or they would be terminated.

30. On September 6, 2024, Ms. Bryant informed Plaintiff that she was terminated, allegedly due to information that came up on a background check.

31. Plaintiff contends that whereas she was terminated for a warrant that was subsequently cleared, there are male employees who are actively employed and are known to have significantly worse legal issues, e.g., Line Assembly Worker Orlando LNU has two felonies and Line Assembler Nick Jones has one felony.

32. On December 4, 2024, Plaintiff filed an EEOC Charge of sex discrimination, sex harassment, hostile work environment, and retaliation against SMX and against PHC.

33. On April 30, 2025, in response to Plaintiff's Charge, SMX submitted a Position Statement to the EEOC.

34. SMX's Position Statement alleges that Plaintiff did not report sexual harassment to Ari Bryant or use the Compliance Alert hotline during her employment.

35. Plaintiff contends this allegation is false and that she repeatedly reported Mr. Joe's sexually harassing actions to Ms. Bryant.

36. Specifically, during or around September 2023, Plaintiff reported the sexually harassing words and actions of Mr. Joe to Ms. Bryant.

37. Despite this reporting, nothing was done to address the situation.

38. Then, around December 2023, Inventory Control Specialist Tabitha Walls reported to PHC Human Resources Representative Natalie Dalton that Mr. Joe was sexually harassing her (Ms. Walls) as well.

39. When she (Ms. Walls) reported this, she also reported that Mr. Joe had been sexually harassing Plaintiff.

40. To Plaintiff's knowledge, still nothing was done to address Mr. Joe's sexually harassing actions.

41. In addition to Ms. Walls, another employee, Zaria LNU, reported Mr. Joe's sexual harassment to Ms. Bryant as well.

42. Yet, again, her report did not lead to any investigation into Mr. Joe.

43. More often, Plaintiff contends, complaints like these were either completely dismissed as unsubstantiated, or worse yet, they led to adverse events (e.g., termination) of the complainants.

44. On or around November 8, 2023, in a text interaction between Plaintiff and Mr. Joe, Plaintiff was suggesting a female friend of hers (i.e., Ashton) was interested in being considered for employment by Mr. Joe and would join a group of them for a night

out bowling.

45. In response to this, Mr. Joe texted, "Tell her swallows me up in between my bowling strikes, I'll give her Cierra's spot." (i.e., the implication being if Aston would perform oral sex on him then he would give her a job).

46. Plaintiff shared these text messages with Ms. Bryant, but instead of it leading to an investigation of Mr. Joe's sexual harassment, it led instead to the cancellation of Ashton's interview for employment.

47. During April 2024, Plaintiff again reported to Ms. Bryant how she continued to be sexually harassed by Mr. Joe.

48. Over the course of months, Plaintiff repeatedly provided reports of Mr. Joe's verbal comments, and she shared text messages illustrating his sexual harassment.

49. Despite being repeatedly made aware of the sex harassment going on, however, Plaintiff can only surmise that Ms. Bryant did not escalate the report because she feared losing her own job.

50. SMX's Position Statement alleges that Plaintiff's termination was due to a failed background check.

51. Plaintiff adamantly disputes the validity of the background check results.

52. As described above, apparently the warrant was mistakenly issued during the time that the courthouse was closed due to COVID.

53. On August 22, 2024, Plaintiff went to the Collierville courthouse and was able to get the warrant cleared.

54. Plaintiff subsequently provided Ms. Mims with documentation confirming the warrant was cleared.

55. Plaintiff further contends that whereas she was terminated for a warrant that was subsequently cleared, there are male employees who are actively employed and are known to have significantly worse legal issues, e.g., Line Assembly Worker Orlando LNU has two felonies and Line Assembler Nick Jones has one felony.

56. On February 26, 2025, in response to Plaintiff's Charge, PHC submitted a Position Statement to the EEOC.

57. PHC's Position Statement alleges that Plaintiff never reported Mr. Joe's sexual harassment to Ms. Bryant.

58. Plaintiff contends this allegation is categorically false.

59. As described above, Plaintiff repeatedly reported the sexual harassment over the course of months.

60. During those months, Plaintiff reported Mr. Joe's verbal statements, she showed Ms. Bryant text messages from Mr. Joe, and she referred to witness testimonies regarding the incidents.

61. PHC's Position Statement alleges that Ms. Walls did not report Mr. Joe's sexual harassment to Ms. Dalton.

62. PHC further alleges that Ms. Walls was terminated from employment, due to low performance and lack of computer skills.

63. Plaintiff contends this allegation is false.

64. Plaintiff adamantly asserts that Ms. Walls reported Mr. Joe's sexual harassment to Ms. Dalton.

65. Ms. Walls provided detailed accounts and screenshots to Ms. Dalton, who assured Ms. Walls that an investigation was underway.

7

66. As time went by, however, no action was taken, and Mr. Joe continued his behavior.

67. Plaintiff suspects that Ms. Walls' termination was retaliatory after she made these complaints.

68. PHC's Position Statement alleges that Plaintiff's offer of permanent employment was rescinded due to a failed background check, which revealed an active warrant for failure to appear in court in Collierville, Tennessee, issued in November 2020.

69. PHC admitted that the warrant was cleared, but Plaintiff's responses during the review process were allegedly deemed unsatisfactory.

70. PHC's Position Statement also referenced a police report from October 2019, which allegedly indicated Plaintiff was arrested for possession of a controlled substance and drug paraphernalia.

71. This information allegedly contributed to the decision to rescind her offer.

72. Plaintiff contends these allegations are false and misleading.

73. As explained above, the warrant, related to a traffic violation, was mistakenly issued during the time that the courthouse was closed due to COVID.

74. On August 22, 2024, Plaintiff went to the Collierville courthouse and successfully got the warrant cleared.

75. Plaintiff subsequently provided Ms. Mims with documentation confirming the warrant was cleared.

76. Plaintiff categorically denies she was ever arrested (in October 2019 or any other time) for any drug-related offenses.

77. Plaintiff contends once the warrant was cleared in August 2024, she had a

8

completely clean record.

78.     Plaintiff contends she repeatedly reported Mr. Joe's sexual harassment, yet she was repeatedly ignored.

79.     The allegation that she was terminated due to her background check was false and was a pretext for retaliation against her after she made her repeated complaints.

## CAUSES OF ACTION

### COUNT I: VIOLATION OF TITLE VII - RETALIATION

80.     Plaintiff re-alleges and incorporates all averments set forth in paragraphs 1 through 79 above as if fully incorporated herein.

81.     Defendants retaliated against Plaintiff for reporting the incident of sexual harassment.

82.     The effect of the events described above deprived Plaintiff of equal employment opportunities in retaliation for exercising his federally protected rights.

83.     The unlawful actions of the Defendants complained of above were intentional.

84.     The unlawful employment practices described above were done with malice or with reckless indifference to the federally protected rights of Plaintiff.

85.     Plaintiff is entitled to protection from retaliation for making complaints or charges of discrimination pursuant to Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000(e) *et seq.*

86.     The acts of the Defendants constitute a willful intentional violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000(e) *et seq.,* and entitle Plaintiff to recovery of damages, both pecuniary and punitive in nature.

## COUNT II: VIOLATION OF TITLE VII - SEX DISCRIMINATION

87.     Plaintiff re-alleges and incorporates all averments set forth in paragraphs 1 through 86 above as if fully incorporated herein.

88.     Defendants discriminated against Plaintiff because of her sex, female, based on the facts identified above which constitutes violation of Title VII of the Civil Rights Act of 1964.

89.     Defendants were motivated to discriminate against Plaintiff because she is a female.

90.     Plaintiff has suffered lost wages and benefits because of her termination as well as future pecuniary losses, emotional pain, suffering, inconvenience, mental anguish, loss of enjoyment of life and other nonpecuniary losses.

91.     The unlawful actions of Defendants complaint of above were intentional, malicious, and taken in reckless disregard of the statutory rights of Plaintiff giving rise to to both compensatory and punitive damages under Title VII.

## COUNT III: VIOLATIONS OF TITLE VII – SEXUAL HARASSMENT/SEXUALLY HOSTILE WORK ENVIRONMENT

92.     Plaintiff re-alleges and incorporates all averments set forth in paragraphs 1 through 91 above as if fully incorporated herein.

93.     By the actions described above, Plaintiff has been discriminated against in the terms and conditions of her employment on the basis of her sex, female.

94.     By the actions described above, Defendants violated Title VII by allowing its employees to sexually harass Plaintiff in the workplace and by subjecting Plaintiff to a sexually hostile work environment.

95.     Plaintiff has been harmed as a result of the Defendants' discrimination, and

the Defendants are liable to the Plaintiff for the same.

96.     The acts of the Defendants constitute a willful intentional violation of Title VII of the Civil Rights Act of 1964, as amended, and entitle Plaintiff to recovery of damages.

## PRAYER FOR RELIEF

**WHEREFORE PREMISES CONSIDERED,** Plaintiff respectfully prays that upon hearing of this matter by a jury, the Plaintiff be granted the following relief in an amount to be determined by the jury:

1. Back wages;
2. Reinstatement or future pay in lieu of reinstatement;
3. Punitive damages;
4. Compensatory damages;
5. Attorney's fees;
6. Lost benefits;
7. Pre-judgement and post-judgment interest;
8. Costs and expenses; and
9. Such further relief as is deemed just and proper.

THIS the 2nd day of December 2025.

Respectfully submitted,

Casey Helton, Plaintiff

By: /s/Louis H. Watson, Jr.
LOUIS H. WATSON, JR. (MB# 9053)
JANE A. WATSON (MB#106877)
Attorneys for Plaintiff

OF COUNSEL:

Louis H. Watson, Jr., Esq.
Jane A. Watson, Esq.
THE WATSON LAW FIRM, PLLC
1501 JACKSON AVE W STE 113 PMB 101
OXFORD MS 38655-2566
Telephone: (601) 968-0000
Facsimile: (601) 968-0010

louis@watsonnorris.com
jane@watsonnorris.com